# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HARMEET BAWA, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. 8:20-cv-02326-PX |
| NEWREZ LLC, *et al.* | * | |
| Appellees. | * | |

## MEMORANDUM OPINION

Pending before the Court is pro se Debtor-Appellant Harmeet Bawa ("Bawa")'s appeal of the Bankruptcy Court's decision overruling Bawa's objection to Appellee NewRez LLC, d/b/a Shellpoint Mortgage Servicing ("NewRez")'s claim in Bawa's Chapter 13 bankruptcy.[1] ECF Nos. 1, 16. NewRez pursued the claim as servicing agent for the secured creditor, Bank of New York Mellon (the "Bank"), concerning the Bank's mortgage loan on Bawa's home. ECF No. 17. For the reasons stated below, the Bankruptcy Court's July 27, 2020 order is affirmed.

**I. Background**

On or about April 13, 2006, Harmeet Bawa and her husband, Jaswant Bawa (collectively "the Bawas"), purchased real property at 12802 Grand Elm Street in Clarksburg, Maryland (the "Property"). ECF No. 16-2 at 11. To finance the purchase, the Bawas executed a Promissory Note, secured by a Deed of Trust on the Property (collectively "the mortgage loan"). *Id.* at 11–14, 21–32. For quite some time, the Bawas struggled to make payments on the mortgage loan. On September 22, 2016, Jaswant Bawa entered into a "Home Affordable Modification Agreement" (the "HAMP") with Select Portfolio Servicing, Inc. *Id.* at 15–20. The HAMP

---

[1] Bawa was previously represented by counsel at the beginning of this appeal; however, counsel has withdrawn from the case and Bawa now proceeds pro se. ECF No. 13.

adjusted the monthly mortgage payments for 164 months, culminating in a final "balloon" payment of the loan balance on May 1, 2036. *Id.* Per the terms of the HAMP, Jaswant was able to execute the agreement without Harmeet. *Id.* at 15, 20.

In April 2019, the Bank began foreclosure proceedings on the Property. *Carrie M. Ward v. Harmeet Bawa*, Civ. No. 465352V (Cir. Ct. Montgomery Cnty. filed April 5, 2019); ECF No. 17-2. While the foreclosure action was pending, Harmeet Bawa filed for Chapter 13 bankruptcy. ECF No. 6-1. NewRez, in turn, filed a Proof of Claim for the outstanding balance on the mortgage loan as secured by the Property. ECF No. 16-2 at 1–10. In response, Harmeet Bawa filed an objection to the claim, pursuant to Bankruptcy Rule 3007, arguing that the HAMP, as executed solely by Jaswant, rendered the lien on the Property invalid because the Property was held by the Bawas as tenants by the entirety. ECF No. 6-49.

In a July 27, 2020 Order, the Bankruptcy Court overruled Bawa's objection. The Bankruptcy Court construed the objection as a challenge to the validity of the lien on the Property which must be pursued in an adversarial proceeding, pursuant to Bankruptcy Rules 7001 and 3007(b). ECF No. 1-1. Bawa now appeals that decision. ECF Nos. 1; 16. Because the Bankruptcy Court is correct as a matter of law, this Court affirms the decision below.

## II.     Standard of Review

On appeal, this Court reviews the Bankruptcy Court's legal conclusions *de novo* and findings of fact for clear error. *In re Dornier Aviation (N. Am.), Inc.*, 453 F.3d 225, 231 (4th Cir. 2006). A finding of fact is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395

(1948). On review, this Court may affirm, modify, or reverse the Bankruptcy Court's order, or remand with instructions for further proceedings. *See* Fed. R. Bankr. P. 8013.

**III. Analysis**

As the Bankruptcy Court rightly pointed out, "[i]nitiation of an adversary proceeding is a prerequisite to challenging the validity or existence of a lien against property of the estate in the Chapter 13 proceeding." ECF No. 1-1 at 2 (quoting *Cen–Pen Corp. v. Hanson*, 58 F.3d 89, 93 (4th Cir. 1995)). Bankruptcy Rule 7001 makes clear that "a proceeding to determine the validity, priority or extent of a lien or other interest in property" must be litigated as an adversary proceeding. Fed. R. Bankr. P. 7001(2). *See also Cen–Pen Corp. v. Hanson*, 58 F.3d at 93; *In re Mansaray-Ruffin*, 530 F.3d 230, 234–37 (3d Cir. 2008). By contrast, an objection to claim brought pursuant to Bankruptcy Rule 3007, expressly excludes any "demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim." Fed. R. Bankr. P. 3007(b). Accordingly, the Bankruptcy Court was plainly correct in overruling the objection on the grounds that, as a challenge to the validity of the mortgage lien, the debtor must initiate an adversary proceeding.

On appeal, Bawa reiterates her position below, arguing that the HAMP rendered the lien on the Property invalid and thus unenforceable. *Compare* ECF No. 16 at 1–23 & No. 18 at 3 *with* No. 6-49. To be sure, Bawa seems to suggest that her case is unique, and somehow deserving of special treatment, because the lien is in fact invalid. ECF No. 16 at 20–21. But this argument is tautological, for every challenge to the validity of a lien is, by definition, premised on the debtor's position that the lien is invalid. And yet, the plain language of Rules 7001 and 3007(b) require that such challenge be brought as an adversary proceeding, not as a claim objection. *See* Fed. R. Bankr. P. 7001(2) & 3007. This Bawa did not do. Thus, the Bankruptcy

did not err in its July 27, 2020 Order overruling Bawa's objection. The decision below is, therefore, AFFIRMED.

| 07/14/21 | /s/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |